FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 APR 13 PM 3:21

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

CAROLYN MCCONNELL,

CASE NO.: 6:17-CV-669-ORL-40-KRS

Plaintiff,

v.

LIST INDUSTRIES, INC.,
a Foreign Profit Corporation,

Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CAROLYN MCCONNELL ("Plaintiff"), by and through her undersigned counsel, sues Defendant, LIST INDUSTRIES, INC. ("Defendant"), a Foreign For-Profit Corporation, and in support thereof states the following:

### JURISDICTION AND VENUE

1. This is an action for damages by Plaintiff against Defendant for failure to pay overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

2. Jurisdiction and venue are proper in this Court pursuant to Rule 1.02(c) of the Local Rules of the Middle District of Florida. Venue is proper in this District because a substantial part of the events and omissions giving rise to the instant action occurred in this District. At all times material to Plaintiff's claims, Defendant has conducted substantial, continuous, and systematic commercial activities in this District.

### PARTIES AND FACTUAL ALLEGATIONS

3. Plaintiff is an individual *sui juris*, residing in Orange County, Florida.

1

4. At all relevant times to the instant action, Plaintiff was employed by Defendant and was an employee of Defendant as defined by § 203(e) of the FLSA.

5. Defendant is a Foreign Profit Corporation operating and conducting business in Orange County, Florida.

6. At all relevant times to the instant action, Defendant employed Plaintiff and was an employer of Plaintiff as defined by § 203(d) of the FLSA.

7. At all relevant times to the instant action, Defendant was engaged in commerce as defined by the FLSA in so far as Defendant had employees engaged in commerce and, upon information and belief, had annual gross business revenue of not less than $500,000.00.

## FACTUAL ALLEGATIONS

8. Plaintiff was employed by Defendant from on or around January 22, 2013, through on or around January 18, 2017. From February 6, 2015, through January 18, 2017, Plaintiff was employed as a Project Manager.

9. As a Project Manager, Plaintiff's job duties and responsibilities included working for multiple sales representatives, processing documents and orders, accounting and billing, and scheduling installations and deliveries.

10. Plaintiff's job duties and responsibilities as a Project Manager did not require the exercise of discretion or independent judgment, but rather required Plaintiff to apply well-established techniques, procedures, or specific standards described in manuals or other sources provided by Defendant.

11. Plaintiff was paid on a salary basis, and did not receive additional compensation, including overtime, for any hours worked in excess of forty (40) hours in a workweek.

12. Throughout her employment with Defendant as a Project Manager, Plaintiff regularly worked hours in excess of forty (40) hours in a workweek.

13. Additionally, Plaintiff often had to skip lunch when the need arose due to work flow, a new contract, or other event giving rise to the need to work increased hours. Plaintiff regularly worked from home on weekends, and was required to work on PTO and other vacation days.

14. Defendant failed to compensate Plaintiff at a rate of not less than one and one-half (1.5) times her regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

15. Defendant's failure to properly compensate Plaintiff for all hours worked in excess of forty (40) hours in a workweek was willful.

16. Defendant is liable pursuant to 29 U.S.C. §§ 201 *et seq.* for failing to properly compensate Plaintiff for all hours worked in excess of forty (40) hours in a workweek.

17. Plaintiff has retained LYTLE & BARSZCZ to represent her in this instant action and has agreed to pay said firm reasonable attorney fees for its services.

## COUNT I
### Unpaid Overtime in Violation of the FLSA

18. Plaintiff alleges and incorporates by reference paragraphs 1 through 17 above as if fully set forth herein.

19. Pursuant to §§ 201 *et seq.* of the FLSA, Defendant is required to pay Plaintiff for all hours worked in excess of forty (40) hours in a workweek at a rate of not less than one and one-half (1.5) times her regular rate of pay.

20. Plaintiff was an employee of Defendant as defined by the FLSA.

21. Defendant was an employer of Plaintiff as defined by the FLSA.

22. Defendant is an enterprise engaged in commerce as defined by the FLSA.

23. Plaintiff regularly worked hours in excess of forty (40) hours in a workweek while employed by Defendant as a Project Manager.

24. Defendant has failed to pay Plaintiff overtime compensation at a rate of not less than one and one-half (1.5) times her regular rate of pay for hours Plaintiff worked in excess of forty (40) hours in a workweek in violation of the FLSA.

25. Defendant's violations of the FLSA were willful.

26. As a result of Defendant's unlawful acts, Plaintiff is entitled to recover damages in the amount of the overtime pay due and owing, an equal amount as liquidated damages for Defendant's willful violation of the FLSA, and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff has been deprived of overtime compensation, and requests the following relief:

a) Unpaid overtime found to be due and owing;

b) An additional amount equal to unpaid overtime found to be due and owing in liquidated damages;

c) Prejudgment and postjudgment interest in the event liquidated damages are not awarded;

d) Reasonable attorneys' fees and costs; and

e) Any other legal and equitable relief as the Court may deem appropriate.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this 13th day of April, 2017.

/s/ *signature*
**Mary E. Lytle, Esq.**
Florida Bar No. 0007950
**David V. Barszcz, Esq.**
Florida Bar No. 0750581
**Robert N. Sutton, Esq.**
Florida Bar No. 0121688
**LYTLE & BARSZCZ, P.A.**
543 N. Wymore Road, Ste. 103
Maitland, Florida 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
mlytle@lblaw.attorney
dbarszcz@lblaw.attorney
rsutton@lblaw.attorney
**Counsel for Plaintiff**