UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CAROLYN MCCONNELL,

    Plaintiff,

v.

LIST INDUSTRIES, INC.,
a Foreign Profit Corporation

    Defendant.

CASE NO. 6:17-cv-00669-PGB-KRS

## PARTIES' JOINT MOTION AND MEMORANDUM OF LAW FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff, Carolyn McConnell ("Plaintiff"), and Defendant, List Industries, Inc. ("Defendant") submit this Joint Motion and Memorandum of Law for Approval of Settlement Agreement, requesting that this Court approve the Parties' settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claim. The good cause warranting approval is as follows:

1. On April 13, 2107, Plaintiff filed a one-count lawsuit alleging that Defendant violated the overtime provisions of the Fair Labor Standards Act ("FLSA"). (Doc. 1).

2. Plaintiff claims that she was misclassified as an exempt employee during her employment with Defendant and that she worked overtime for which she received no compensation. (*See* Doc. 1 at pp. 2-3 ¶¶ 11-15).

3. On June 1, 2017, Defendant filed its Answer and Defenses to Plaintiff's Complaint. (Doc. 14). Therein, Defendant denied Plaintiff's allegations of unlawful conduct and denied all liability.

4. Thereafter, the Parties conducted a settlement conference exchanged relevant documents, and engaged in ongoing settlement discussions during the discovery process.

5. Based upon the evidence in the case, the settlement negotiations, and to avoid the costs and uncertainty of litigation, the Parties reached a settlement, and on September 15, 2017, filed a Joint Notice of Settlement with this Court. (Doc. 23).

6. Plaintiff and Defendant hereby request approval of the Parties' Settlement Agreement attached hereto as Exhibit "A."

7. Pursuant to *Lynn's Food Stores, Inc., v. United States*, 679 F. 2d 1350 (11th Cir. 1982), claims for overtime compensation under the FLSA may be settled or compromised only with the approval of the Court or Secretary of Labor. If the parties in a lawsuit have reached a settlement agreement, the Court must scrutinize it for fairness, and the Court must conclude that the settlement constitutes a "fair and reasonable resolution of a bona fide dispute over FLSA provisions" before closing the case. *Id.* at 1353, 1355. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* at 1354.

8. Defendant contends that Plaintiff did not work the claimed hours and that she was lawfully paid for every hour she worked, and that even if Defendant did not pay Plaintiff for all overtime hours, any hours Plaintiff worked were far below what Plaintiff claimed. In addition, aside from issues relating to the number of hours worked, Defendant took the position that its actions were not willful, and that even if Plaintiff were to prevail, the half-time rate rather than time and one half rate would apply. Based upon the extensive negotiations between the parties, Plaintiff agreed to the total amount of $18,776.60. In light of the issues set forth above, both parties agree that the settlement is a reasonable compromise of the alleged claims of Plaintiff.

9. The fact that the Plaintiff is represented by counsel adds further support to the conclusion that the compromise the Parties reached is reasonable. *See Fernandez v. A-1 Duran*

*Roofing, Inc.*, No. 12-cv-20757, 2013 WL 684736 (S.D. Fla. 2013) (noting that fairness concerns articulated by *Lynn's Foods* are not implicated in settlement of FLSA lawsuit brought by employee represented by counsel) (citing *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012)).

10. Pursuant to the terms of the Settlement Agreement, Plaintiff's counsel will receive $14,945.87 representing attorney's fees and costs. Plaintiff's attorneys' fees and costs were negotiated completely separate from Plaintiff's settlement and did not bear any weight on the amounts received by Plaintiff. As such, no judicial review is necessary. *See Bonetti v. Embarq Mgmt. Co.*, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009).

11. Plaintiff and Defendant contend and stipulate that in light of the issues in dispute, the amount received by Plaintiff constitutes a fair and reasonable compromise of disputed claims, and they respectfully submit that their settlement should be approved by the Court. Had the case proceeded through additional discovery, dispositive motions, and, if applicable, trial, it is possible that Plaintiff would have received far less, if anything, in damages. Thus, the Parties contend and stipulate that their settlement also advances judicial economy.

12. Accordingly, the Parties respectfully request that the Court review and approve the Parties' settlement agreement attached hereto as Exhibit A.

Respectfully submitted this 5th day of October, 2017.

| | |
|---|---|
| **/s/ MARY E. LYTLE** | **/s/ DORIS DEL-CASTILLO** |
| Mary E. Lytle, Esq. | Doris Del-Castillo, Esq. |
| Florida Bar No. 0007950 | Florida Bar No. 0095947 |
| E-mail: mlytle@lblaw.attorney | E-mail: ddelcastillo@littler.com |
| David V. Barszcz, Esq. | Jeffrey B. Jones, Esq. |
| Florida Bar No. 750581 | Florida Bar No. 39950 |
| dbarszcz@lblaw.attorney | E-mail: jbjones@littler.com |
| | |
| LYTLE & BARSZCZ, P.A. | LITTLER MENDELSON, PC |
| 543 N. Wymore Road, Suite 103 | 111 N. Magnolia Avenue |
| Maitland, FL 32751 | Suite 1250 |
| Telephone: (407) 622-6544 | Orlando, Florida 32801 |
| Fax: (407) 622-6545 | Tele: (407) 393-2922 |
| | Fax: (407) 393-2929 |
| Counsel for Plaintiff | |
| | Counsel for Defendant |