## SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

This Settlement Agreement and Release of FLSA Claims ("Agreement"), is made and entered into by and between LIST INDUSTRIES, INC. and its subsidiaries, parent corporations, affiliates, divisions, predecessors, successors and assigns; joint ventures, and the current and former employees, officers, directors, owners, and agents thereof (singularly and collectively referred to throughout this Agreement as "LIST"), and CAROLYN MCCONNELL on behalf of herself, her heirs, predecessors, successors, and assigns (singularly and collectively referred to throughout this Agreement as "MCCONNELL").

WHEREAS, a dispute has arisen between LIST and MCCONNELL concerning allegations that MCCONNELL has made in a lawsuit styled *Carolyn McConnell v. List Industries, Inc.*, No. 6:17-cv-00669-PGB-KRS (M.D. Fla.) (referred to hereafter as "the Lawsuit");

WHEREAS, the parties have a genuine dispute regarding the allegations raised by MCCONNELL in the Lawsuit;

WHEREAS, LIST denies the validity of MCCONNELL's claims and denies that it is subject to any liability;

WHEREAS, the parties wish to avoid the expenses and risks of litigation and resolve and settle their differences, negotiating wages separate from attorneys' fees, without resort to further litigation; and

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants and agreements set forth herein, which covenants and agreements constitute good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them (except as otherwise expressly noted in this Agreement):

1. **Recitals**. The parties acknowledge that the "WHEREAS" clauses preceding Paragraph 1 are true and correct, and are incorporated herein as material parts to this Agreement.

2. **Consideration**. In consideration for signing this Agreement and compliance with the promises made herein, LIST shall pay the total sum of thirty three thousand, seven hundred twenty two dollars and forty seven cents ($33,722.47), in full payment of MCCONNELL'S claims for overtime compensation under the Fair Labor Standards Act, allocated as follows:

   a. LIST shall issue a payment of nine thousand three hundred eighty eight dollars and thirty cents ($9,388.30), LESS APPLICABLE taxes, made payable to MCCONNELL and reportable as wages on a W-2 form;

   b. LIST shall issue a non-wage alleged liquidated damages payment in the amount of nine thousand three hundred eighty eight dollars and thirty cents ($9,388.30), made payable to MCCONNELL. The payment referenced in this subparagraph 2(b) represents the recovery of sums other than wages, including liquidated damages, for which the appropriate IRS Form 1099 shall be issued to MCCONNELL, with NO TAX withholdings; and

  c. LIST shall issue a payment of fourteen thousand nine hundred and forty five dollars and eighty seven cents ($14,945.87) made payable to LYTLE & BARSZCZ. The payment referenced in this subparagraph 2(c) represents the recovery of attorneys' fees and costs, for which the appropriate IRS Form 1099 shall be issued to LYTLE & BARSZCZ.

  d. The settlement proceeds shall be in the office of counsel for MCCONNELL within ten (10) business days of the satisfaction of all of the following conditions precedent:

   (1) receipt by counsel for LIST of a copy of this Agreement executed by MCCONNELL;

   (2) receipt by counsel for LIST of IRS Forms W-4 and W-9 fully executed by MCCONNELL and an IRS Form W-9 fully executed by counsel for MCCONNELL;

   (3) Court approval of this Agreement.

  e. Any employee tax obligation arising from the payment made to MCCONNELL under paragraph "2" of this Agreement will be MCCONNELL's sole responsibility. MCCONNELL agrees to and does indemnify, defend and hold LIST harmless for and from any federal, state and local tax liability, including taxes, interest, penalties, and required withholdings, which may be or are asserted against or imposed upon LIST by any taxing authority based upon any failure to withhold any amount from the settlement proceeds for tax purposes, and also for any and all attorneys' fees and costs incurred by LIST in defending any and all such matters.

 3. **No Consideration Absent Execution of this Agreement**. MCCONNELL understands and agrees that she would not receive the monies and/or benefits specified in paragraph "2" above, except for her execution of this Agreement and the fulfillment of the promises contained herein. The payment reflected in paragraph "2" is made in full and final settlement and resolution of MCCONNELL's claims for overtime compensation and liquidated damages under the Fair Labor Standards Act which she raised in the Lawsuit.

 4. **Release of Claims by MCCONNELL**. MCCONNELL knowingly and voluntarily releases and forever discharges, to the full extent permitted by law, LIST INDUSTRIES, INC., and its parent corporations, affiliates, subsidiaries, divisions, predecessors, successors and assigns, insurers and reinsurers, and the current and former employees, officers, directors, owners, and agents thereof (all collectively referred to throughout this Release Provision as "the Released Parties"), of and from any and all claims for unpaid overtime compensation and liquidated damages under the Fair Labor Standards Act, as amended, known and unknown, asserted and unasserted, which MCCONNELL has or may have against the Released Parties as of the date of execution of this Agreement.

The parties acknowledge that this Agreement shall not apply to rights or claims that may arise after this Agreement has been signed. Additionally, nothing in this paragraph or in the Agreement is intended to limit or restrict any rights that cannot, by express and unequivocal terms of law, be

limited, waived, or extinguished. Acknowledging the foregoing, MCCONNELL understands and agrees that she is releasing all of the Released Parties from any and all claims for unpaid overtime compensation and liquidated damages under the Fair Labor Standards Act, and giving up the opportunity to recover any compensation, damages, or any other form of relief in any proceeding brought by her or on her behalf for overtime compensation and liquidated damages under the Fair Labor Standards Act.

5. **Nonadmission of Wrongdoing.** The parties agree that neither this Agreement nor the furnishing of the consideration for this Release is or shall be deemed or construed at anytime for any purpose as an admission by LIST of any liability or unlawful conduct of any kind.

6. **Governing Law and Enforcement.** This Agreement shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict of laws provision. In the event that any party breaches any provision of this Agreement, the parties affirm that they may institute an action to specifically enforce any term or terms of this Agreement. The prevailing party shall be entitled to recover attorneys' fees and costs from the non-prevailing party in any enforcement action. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, other than paragraph 2 and the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

7. **Headings.** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretive of the contents of such provision.

8. **Amendment.** This Agreement may not be modified, altered or changed except upon express written consent of both parties wherein specific reference is made to this Agreement.

9. **Binding Nature of Agreement.** This Agreement shall be binding upon the parties hereto and upon their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, insurers, affiliates, partners, limited partners, successors and assigns, and shall inure to the benefit of said parties and each of them and to their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns. MCCONNELL expressly warrants that she has not transferred to any person or entity any rights or causes of action, or claims released by this Agreement.

10. **Selective Enforcement.** The Parties agree that the failure of any party to enforce or exercise any right, condition, term or provision of this Agreement shall not be construed as or deemed to be a waiver or relinquishment thereof, and the same shall continue in full force and effect.

11. **Copy of Agreement Valid.** The parties agree that executed copies of this Agreement shall be valid and binding.

12. **Entire Agreement.** This Agreement sets forth the entire agreement between the parties hereto regarding MCCONNELL's claims for overtime compensation and liquidated damages under the Fair Labor Standards Act, and fully supersedes any prior agreements or understandings between the parties regarding those claims. MCCONNELL acknowledges that she

has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this Agreement, except for those set forth in this Agreement.

MCCONNELL IS ADVISED THAT SHE SHOULD CONSULT WITH COUNSEL BEFORE SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS TO REVIEW AND DISCUSS THE TERMS OF THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS. MCCONNELL ACKNOWLEDGES HAVING CONSULTED WITH COUNSEL MARY LYTLE PRIOR TO SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 2 ABOVE, MCCONNELL FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS FOR OVERTIME COMPENSATION AND LIQUIDATED DAMAGES UNDER THE FAIR LABOR STANDARDS ACT SHE HAS OR MIGHT HAVE AGAINST LIST AND ALL OF THE RELEASED PARTIES, AS OF THE DATE OF EXECUTION OF THIS AGREEMENT.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and Release of FLSA Claims as of the date(s) set forth below:

Dated: 10/3/17     _____
                    CAROLYN MCCONNELL


Dated: 10/5/17     LIST INDUSTRIES, INC.

                   By: _____
                   Print Name: Eric Bell
                   Title: CFO

Firmwide:150031809.1 093395.1001