# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CAROLYN MCCONNELL,**

    **Plaintiff,**

**v.**                                                    Case No: 6:17-cv-669-Orl-40KRS

**LIST INDUSTRIES, INC.,**

    **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PARTIES' JOINT MOTION AND MEMORANDUM OF LAW FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 25)
>
> **FILED:** October 5, 2017

## I. BACKGROUND.

Plaintiff, Carolyn McConnell, filed a complaint against Defendant, List Industries, Inc., alleging that Defendant failed to pay her overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Doc. No. 1. Defendant answered the complaint on June 1, 2017. Doc. No. 14. The parties subsequently settled the case and have filed a motion requesting that the Court approve the settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Doc. Nos. 23, 25. The motion was referred to me and is ripe for review.

## II. APPLICABLE LAW.

In *Lynn's Food*, the U.S. Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorneys' fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1] If the Court finds that the payment to the attorney is not reasonable, it must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount. *See id.* at 351–52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

**III. ANALYSIS.**

    *A.    Whether Plaintiff Has Compromised Her Claim.*

Under the Settlement Agreement, Defendants will pay Plaintiff a total of $33,722.47—$9,388.30 in settlement of her FLSA claim, $9,388.30 as liquidated damages, and $14,945.87 to Plaintiff's counsel. Doc. No. 25-1, at 1-2 ¶ 2.

In her answers to the Court's FLSA Interrogatories, Plaintiff estimated that she was entitled to $41,287.05 in unpaid wages and an equal amount in liquidated damages. Doc. No. 16, at 3. Because Plaintiff will receive less than the amount to which she claimed she was entitled under the FLSA, she has compromised her claim within the meaning of *Lynn's Food*.

    *B.    Whether the Amount Is Fair and Reasonable.*

Because Plaintiff has compromised her claim, the Court must, under *Lynn's Food*, evaluate whether the settlement agreement is fair and reasonable.

The parties agree that this action involves disputed issues, particularly regarding the number of hours Plaintiff worked, with Defendant contending she worked far fewer hours than she claimed. Defendant also contends that even if Plaintiff were to prevail, the half-time rate rather than time and one half rate would apply. These factual disputes explain the parties' compromise, and they believe the settlement is reasonable, given the disputed issues, probability of success on the merits, and the complexity, expense, and length of future litigation. I therefore recommend that the Court find that the amount of the compromise is reasonable. *Cf. Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

> C. *Whether the Attorneys' Fees and Costs Undermine the Fairness of the Settlement Agreement.*

Because Plaintiff has compromised her FLSA claim, the Court must consider whether the payment to her counsel is reasonable, to ensure that the fees and costs to be paid to her counsel did not improperly influence the amount Plaintiff agreed to accept. *See Silva*, 307 F. App'x at 351. In this case, Plaintiff's counsel will receive $14,945.87. Doc. No. 25-1, at 2. Both sides represent that this amount was negotiated separately from Plaintiff's recovery and without regard to the amount to be paid to Plaintiff. Doc. No. 25, at 3 ¶ 10. In the absence of objection, I recommend that the Court find that the amount of attorney's fees Plaintiff's counsel will receive is reasonable and does not taint the amount Plaintiff agreed to accept for resolution of her FLSA claims. *See Bonetti*, 715 F. Supp. 2d at 1228 ("[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.").

> D. *Whether the Scope of the Release Undermines the Fairness or Reasonableness of the Settlement Agreement.*

The Court next must consider whether Plaintiff's release of claims in the Settlement Agreement renders the agreement unreasonable. *See generally Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 U.S. Dist. LEXIS 33929, at *17 (M.D. Fla. Mar. 14, 2012) ("Pervasive, overly broad releases have no place in settlements of most FLSA claims."). Here, the release states that Plaintiff releases "all claims for unpaid overtime compensation and liquidated damages under the Fair Labor Standards Act . . . known and unknown, asserted and unasserted, which MCCONNELL has or may have against the Released Parties as of the date of execution of this Agreement." Doc. 25-1, at 2 ¶ 4. Because the release is limited to FLSA overtime claims and liquidated damages under the FLSA, which are the claims in the complaint, I recommend that the

Court find that the release is not overbroad. *See, e.g., Cooper v. Garda CL Se., Inc.*, No. 15-cv-1677-Orl-40KRS, 2015 WL 9244682, at *1 (M.D. Fla. Dec. 18, 2015) (finding reasonable a release of all claims existing prior to the execution of the settlement agreement that relate to the payment of wages and/or overtime for all hours worked, including, but not limited to, claims arising under the FLSA, the Florida Constitution and the Florida Minimum Wage Act).

### E. Whether the Ability to Modify the Settlement Agreement Undermines Its Fairness or Reasonableness.

Finally, I note that paragraph 8 of the settlement agreement states, "This Agreement may not be modified, altered, or changed except upon express written consent of both parties wherein specific reference is made to this Agreement." Doc. No. 25-1, at 3 ¶ 8. Ordinarily, this might provide grounds to disapprove the settlement agreement, as a court cannot find an agreement to be fair and reasonable unless it is in final form, with no opportunity for amendment. To hold otherwise would leave the parties free to circumvent *Lynn's Food* review through post hoc modifications of an already-approved agreement.

In this case, however, the parties have also included in the settlement agreement a severability clause, which provides, "[s]hould any provision of the Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, other than paragraph 2 and the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect." *Id.* at 3 ¶ 6. Accordingly, I recommend that the Court sever the amendment provision from the settlement agreement if it otherwise finds that the settlement is fair and reasonable.

## IV. RECOMMENDATIONS.

In light of the foregoing, I respectfully **RECOMMEND** that the Court do the following:

1. **SEVER** paragraph 8 of the Settlement Agreement and Release of FLSA Claims;

2. **FIND** that the parties' Settlement Agreement and Release of FLSA Claims (Doc. No. 25-1) is a fair and reasonable resolution of a bona fide dispute under the FLSA;

3. **GRANT** in part the Joint Motion for Approval of Settlement Agreement (Doc. No. 25) without reserving jurisdiction to enforce it;

4. **DISMISS** the case with prejudice; and

5. **DIRECT** the Clerk of Court to close the file.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on October 6, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy